SUCCESSION OF LOUISE HARDOIN, Widow of Girodeau.

The law declares that the curator of an interdicted person cannot borrow money for such person, without the authority of the Judge, granted on the advice of a family meeting ; and it further declares that whatever is done, in contravention of its prohibition, is void.

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. Castera, and *Durant & Hornor*, for Boisdoré, opponent.

*Duplantier*, and *Fellows & Mills*, *for appellant.*—The question in this case arose on the trial of the opposition of Boisdoré to the application of Theo. Drouet, for the curatorship of this estate.

Succession of Louise Hardoin, Widow of Girodeau.

As stated by the Court, in its reasons for judgment, the only question was, whether Boisdoré was a creditor or not.

The deceased had been for many years an interdict, by reason of insanity, and her estate, of some $17,000, was administered by one Aicard. The property was all improved, and bringing in quite a revenue. The debt alleged to exist in favor of Boisdoré was for money claimed to have been borrowed of him by Aicard, for the benefit of the interdict. The curator, Aicard, had never rendered an account of his curatorship, and there is no proof that there was ever any necessity for his borrowing money of Boisdoré, or any one, for the benefit of the interdict. He had no authority by family meeting, or order of Court, to borrow, and no necessity was shown to exist.

If, then, Boisdoré loaned money to Aicard, it was for his own use ; and although he might sign his name to a note, with curator attached, it proved no liability of the estate of Hardoin to the payee. Boisdoré loaned the money to Aicard, and to him alone, and although that identical money might have been used to pay taxes, or make improvements on the property of Hardoin, it may have, and probably only did, make up a deficiency in the account of Aicard with the estate of the interdict, and could not be a debt of this succession.

HYMAN, C. J. Jean Batiste François Boisdoré opposed the application of Theodule Drouet to be appointed curator of the vacant succession of Louise Hardoin, deceased, on the ground that he, Boisdoré, was a creditor of the deceased, and, as such, had a better right than Drouet to be appointed.

He prayed that Drouet's application be rejected, and that he be appointed curator.

The Court rendered judgment sustaining Boisdoré's opposition ; from this judgment Drouet appealed.

The deceased, while living, was interdicted, and a curator was appointed for her.

This curator borrowed money from Boisdoré to enable him to pay a debt of his ward.

The money was applied by the curator to the payment of the debt.

It is not pretended that the money was borrowed by authority of the Judge, or on the advice of a family meeting.

The law declares that a curator of an interdicted person can not borrow money for such person without the authority of the Judge, granted on the advice of a family meeting ; and it further declares that whatever is done, in contravention of its prohibition, is void. See Civil Code, Arts. 402, 348, 12.

The interdicted person was not benefited by the loan. The extinguishment of the debt by the curator, with the money borrowed, gave him, the curator, not the opponent, a right to claim of his ward the amount, as an advance made to her.

The opponent can not, therefore, invoke the equitable principle of the law, that no one shall enrich himself at the expense of another.

The manner in which the money was borrowed being prohibited, opponent did not become, by the loan, a creditor of the interdicted person.

He has shown no better right in law than Drouet to be appointed curator of the vacant estate.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed ; that the appointment of Jean Batiste François Boisdoré, curator of the vacant succession of Louise Hardoin, deceased, be annulled.

It is further ordered, adjudged and decreed, that Theodule Drouet be appointed curator of said vacant estate, on his complying with the requirements of the law.